IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

vs.

Z AND D MANAGEMENT INC., dba
FRUITRIDGE CHIROPRACTIC OFFICE,
POMPILIO GATAIN, and ILEANA GAITAN,

    Defendants.
_____/

No. CIV S-08-1690 WBS EFB

<u>FINDINGS AND RECOMMENDATIONS</u>

On March 11, 2009, this court heard plaintiff's motion for default judgment, pursuant to Fed. R. Civ. P. 55(b), against defendant Z and D Management Inc., doing business as Fruitridge Chiropractic Office.[1] Plaintiff Scott Johnson, an attorney, appeared at the hearing and represented himself. No appearance was made on behalf of defendant Z and D Management Inc.

The other remaining defendants, Pompilio Gatain and Ileana Gaitan, owners of the subject property, *see* Compl., Exh. 3, filed an answer to the complaint on September 11, 2008, Dckt. No. 8.

////

---

[1] This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19) and 28 U.S.C. § 636(b)(1).

1

Upon review of the motion, supporting documents, plaintiff's oral argument, and good cause appearing, the court makes the following findings, and recommends that plaintiff's motion be granted subject to resolution of all claims against the remaining defendants.

BACKGROUND

The complaint, made pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*., was filed on July 23, 2008.  A certificate of service, filed September 10, 2008, demonstrates that the summons and complaint were served on defendant Z and D Management Inc. (hereafter "Z and D"), on August 14, 2008, by personal service upon the receptionist (Rosalla Chavarra) for defendant's agent for service of process (Darrin King).[2]  Dckt. No. 7.

On November 3, 2008, pursuant to plaintiff's request, the Clerk of Court entered the default of defendant Z and D.  Dckt. Nos. 9, 10.  Plaintiff's request for entry of default provides that defendant "has failed to appear, plead, defend, reply, or otherwise respond to the Complaint."  Dckt. No. 9.  While defendant was not served with plaintiff's request for entry of default or the Clerk's entry of default, these omissions come within the exception for service upon a defaulting party.  *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear").

////

////

---

[2] Fed. R. Civ. P. 4 (e)(2) provides that process may be accomplished by delivering a copy of the summons and complaint personally upon the defendant, by leaving the documents at defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or by personal delivery upon an authorized agent.

Service upon the receptionist for the authorized agent is adequate. "Despite the language of the Rule, service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice. Thus, the service can be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.' *Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa*, 428 F.Supp. 1237, 1251 (S.D.N.Y. 1977)." *Insurance Co. of N. Am. v. S/S 'Hellenic Challenger,* 88 F.R.D. 545, 547 (S.D.N.Y. 1980).

Plaintiff filed the instant motion for default judgment on February 4, 2009, Dckt. No. 13, which was served by mail on the same day upon defendant's agent for service of process, Darrin King. *Id.*, at p. 5.

DISCUSSION

Process has been served upon defendant Z and D, which has not appeared in this action. *See Pacific Atlantic Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).

Entry of default pursuant to Fed. R. Civ. P. 55(a) effects defendant's admission of the well-pled factual allegations of the complaint, except those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages– is admitted if a responsive pleading is required and the allegation is not denied"); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977), *Anderson v. Air West*, 542 F.2d 1090, 1093 (9th Cir. 1976).

Pursuant to the default of Z and D, the court finds that the complaint states the following claims for which relief can be granted, specifically:

1. Plaintiff is a "person with a disability" and "physically handicapped person," pursuant to 42 U.S.C. § 12102(2)(A), and 28 C.F.R. § 36.104. Compl. at ¶ 1.

2. Fruitridge Chiropractic Office (Z and D) is a medical service provider with a parking lot located in a retail center at 4441 Fruitridge Road, Sacramento, California, and is a public accommodation as defined by 42 U.S.C. § 12181(7), and 28 C.F.R. § 36.104. Compl. at ¶ 2.

3. In February 2008, plaintiff visited Z and D for services but, due to the architectural barriers of "the correct number and type of properly configured disabled parking space(s) including the lack of a van accessible disabled parking space, accessible route, accessible entrance, accessibility signage and striping," plaintiff was prevented from enjoying full and equal access to the services offered by Z and D. Compl. at ¶ 3.

////

4. In a letter dated February 20, 2008, and mailed on February 25, 2008, plaintiff informed defendant about the lack of accessibility and requested that the property be brought into conformity within 90 days.  Defendant did not respond. *Id*.

5. Between February 2008 and June 200[8], plaintiff returned to Z and D two additional times and again encountered the architectural barriers.[3] *Id*.

6. Plaintiff seeks an award of statutory damages pursuant to California Civil Code 52, and injunctive relief requiring the removal of all architectural barriers, and implementation of any necessary alterations, to provide plaintiff and others similarly situated access to the services offered by defendant Z and D, to the same extent such services are made available to the non-disabled public. *Id*., at pp. 17-18.

The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment, pursuant to Fed. R. Civ. P. 55(b), support the finding that plaintiff is entitled to the relief requested.  There are no policy considerations that preclude the entry of default judgment of the type requested. *See Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

CONCLUSION

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment as to defendant Z and D Management Inc., doing business as Fruitridge Chiropractic Office, be GRANTED, with the entry of the final judgment to await final resolution of all claims as to the remaining defendants, Fed. R. Civ. P. 54(b);

---

[3] Plaintiff also alleges that he had five foregone visits to Z and D.  However, as explained at the hearing, the court finds that plaintiff's general allegation of foregone visits is inadequate to sustain statutory damages, and recommends that the instant damages award be limited to  plaintiff's actual visits. *Cf., Lentini v. Cal. Center for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004) (allegation of foregone visits supported by plaintiff's evidence that she had season tickets to the theater); *accord*, *Munson v. Del Taco, Inc.*, __ Cal.Rptr.3d __, 2009 WL 1619783, *10 (2009) (statutory damages based on claims filed on or after January 1, 2009, shall be limited to actual visits).

1        2.  Statutory damages pursuant to California Civil Code 52 be awarded for each of
2  plaintiff's three actual visits to defendant Z and D, in the total amount of $12,000; and
3        3.  Injunctive relief be granted against defendant Z and D requiring a properly configured
4  van-accessible disabled parking space with an accessible route to an accessible main entrance to
5  the business known as Fruitridge Chiropractic Office, located at 4441 Fruitridge Road,
6  Sacramento, California, in conformity with the Americans with Disabilities Act Accessibility
7  Guidelines, as set forth in 28 C.F.R. Part 36.
8        These findings and recommendations are submitted to the United States District Judge
9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after
10 being served with these findings and recommendations, any party may file written objections
11 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
12 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
13 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
14 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
15 DATED: July 7, 2009.

                                    /s/ Edmund F. Brennan
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE